## Milford Borough v. Titus et ux.

*Sidney L. Krawitz,* for plaintiff.

*Karl A. Wagner,* for defendants.

DAVIS, P. J., October 19, 1953.—Defendants erected a small office building on Broad Street, in the Borough of Milford. Two small decorative wrought iron hand rails about three feet high with upright bars four and one-half inches apart are attached to the building on either side of the front door that leads into the office room of the building. There is also a small lamp post and lamp in front of the building. The hand rails and lamp post are over the street line of Broad Street approximately two feet four inches.

Borough ordinance no. 11, enacted in 1878, fixed the width of Broad Street to be 80 feet, (40-foot roadway and 20-foot sidewalk on each side of the street) and also provided that it should not be lawful from that date for any owner of lands to erect any building, fences, stoops or any other structure or make any improvement within the streets designated in the ordinance.

Plaintiff, the Borough of Milford, brought this action in equity to compel defendants to remove the hand rails and lamp post from the street, alleging that the presence of the same within the confines of Broad Street was in violation of the law and borough ordinances. After answer the matter was heard on the merits. The evidence is undisputed that on both sides of the street in the vicinity of the building in question there are encroachments on the street in the nature of porches, steps, hedges and fences, greater in extent than the matter involved in this controversy.

Defendants then petitioned the court to submit certain issues of fact to a jury for the purpose of informing the conscience of the chancellor. Although several issues of fact were set forth in the petition only two issues were argued. The issues not argued we shall treat as abandoned. The issues argued are:

1. Whether or not the decorative hand rails and lamp post of defendants are a nuisance.

2. Whether or not defendants' hand rails and lamp post obstruct the passageway of the traveling public.

Plaintiff contends first, that the questions submitted are questions of law and not of fact, and second, if they are questions of fact there is no reason for their submission to a jury for the reason that the testimony before the court is practically undisputed.

The ultimate responsibility for determination of facts in an equity action rests upon the chancellor: Rule 1513 of Pennsylvania Rules of Civil Procedure; Evans v. Penn Mutual Life Insurance Company of Philadelphia, 322 Pa. 547.

Counsel for defendants has presented a comprehensive and ingenious brief in support of his contentions. Several cases are cited involving the question of nuisance in which the appellate courts have said the question of fact should be submitted to the jury, but these cases involve actions in quarter sessions or common pleas and not in equity, where the chancellor is the trier of both the facts and the law, and therefore, are not applicable in the present controversy.

The pertinent facts in the case, such as the location of the street lines of Broad Street, the location of the hand rails and lamp post in question, and the location of the other encroachments on Broad Street in the vicinity of defendants' property, as well as the ordination of Broad Street and the prohibition of encroachments thereon by the Borough of Milford is undisputed. We do not believe in an action of this type it is the function of a jury to take undisputed testimony and deduce therefrom whether or not the undisputed facts constitute a nuisance, nor do we believe such a finding would be informative to the conscience of the chancellor. The function of the chancellor and the jury is

well stated in Dougan v. Blocher, 24 Pa. 28, 34, as follows:

"We have said, again and again, that the judge is bound to weigh the evidence as a chancellor; and, where the material facts are not in conflict, to declare the law as it arises upon them. The office of the jury is to try the credibility of witnesses, and to decide disputed facts, not to administer equities; and when, as in this case, the equities arise out of a few prominent and undisputed facts, in full proof by witnesses who are uncontradicted, and whose credibility is not questioned, what can a jury have to do with a question of specific execution? That is always a question for the chancellor, and exclusively for him. He calls a jury to his aid only when the material facts are in doubt and conflict, and then only to inform his conscience."

*Order*

And now, October 19, 1953, rule dismissed.